UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 22-CV-23392-SEITZ

CONTINENTAL DIVIDE INSURANCE COMPANY,
        Plaintiff,
v.

RUMBA TOURS, LLC; JORGE REYES, and LUISA CAMPOS;
        Defendants.
_____/

## ORDER DENYING DEFENDANTS' AMENDED MOTION TO DISMISS

THIS MATTER is before the Court on Defendant, Rumba Tours, LLC's, Amended Motion to Dismiss Plaintiff, Continental Divide Insurance Company's, Amended Complaint[1] [DE 41]. Defendants Jorge Reyes and Luisa Campos adopted Rumba Tours' Amended Motion to Dismiss [DE 42]. In this matter, Plaintiff seeks a declaratory judgment that it has no duty to defend Defendant Rumba Tours in an underlying state action ("the State action.")[2] pursuant to a Workers' Compensation exclusion because Defendant Reyes was a Rumba Tours employee at the time of the incident. DE 1 at 5-6. Defendants argue Plaintiff's Amended Complaint fails to state a claim for which relief may be granted, and that Plaintiff's duty to defend is broadly construed and not in dispute. DE 41 at 3, 5. The Court has reviewed Defendants' Amended Motion to Dismiss [DE 41], Plaintiff's Response in Opposition [DE 43], Defendants' Reply [DE 45], the record, and is otherwise fully informed. Since Plaintiff's Amended Complaint pleads sufficient facts which evince a controversy between the parties, Defendants' Amended Motion to Dismiss [DE 41] is **DENIED.**

**I.     STANDARD OF REVIEW**

A motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6) questions the facial sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). A dismissal is warranted where a complaint

---

[1] Defendant Rumba Tours and Defendants Reyes and Campos filed a Motion to Dismiss Plaintiff's Complaint or Alternatively Stay the Case [DE 20; DE 21] on November 23, 2022 and December 2, 2022, respectively. The Court granted the stay as to the duty to indemnify issue and dismissed the duty to defend issue, granting Plaintiff leave to amend the complaint. DE 23. Plaintiff filed its Amended Complaint on December 30, 2022. DE 29.

[2] The State Court Action, *Jorge Reyes and Luisa Campos v. Rumba Tours, LLC*, Case No. 2022-008503-CA-01, is a personal injury lawsuit in which Defendant Reyes allegedly fell off a bus owned and operated by Defendant Rumba Tours.

1

that fails to state a claim upon which relief can be granted. *Id.* It should be read alongside Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff must provide grounds for relief beyond a "formulaic recitation of the elements of a cause of action . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When a complaint is challenged under Rule 12(b)(6), a court will presume that all well-pleaded factual allegations are true and view the pleadings in the light most favorable to the plaintiff. *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

II. ANALYSIS

a. **Plaintiff's Amended Complaint pleads sufficient facts to establish a controversy**

The Declaratory Judgment Act, 28 U.S.C. § 221, is "an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). A federal court is not required to make a declaration of rights. *Ameritas Variable Life Ins. Co. v., Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942)). A declaratory judgment must only be issued when a plaintiff has alleged facts which show a "substantial continuing controversy between two adverse parties." *Malowney v. Federal Collection Deposit Group*, 193 F.3d 1342, 1347 (11th Cir. 1999) (citing *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985)).

Plaintiff's Amended Complaint pleads sufficient facts to show a justiciable controversy between the parties. Plaintiff alleged that Defendant Reyes was an employee at the time of the incident, potentially triggering the Workers' Compensation exclusion per the underlying insurance policy. DE 29 at 6. Plaintiff attached the Florida Highway Patrol report which states that Defendant Reyes was cleaning the trolley prior to the incident. *Id.* at 13. The hospital records reiterate the same. *Id.* at 15. As such, Plaintiff has pleaded sufficient facts to show that there is an issue regarding whether Defendant Reyes was acting in the course and scope of his employment at the time of the incident, and thus possibly placing this incident outside of the underlying policy.

Defendants' Amended Motion to Dismiss [DE 41], as well as their Reply to Plaintiff's Response [DE 45], do not make any argument regarding Defendant Reyes' employments status. Instead, Defendants admit that they "erroneously" stated Defendant Reyes *was* an employee in their first Motion to Dismiss [DE 36], but in fact that Defendant Reyes' employment status is not in dispute in the underlying action. DE 45 at 2. The fact that Defendant Reyes' employment status may not be an issue in the underlying lawsuit is exactly why this Court should exercise its discretion and allow the parties to conduct the discovery necessary to resolve the dispute.[3] Accordingly, it is

ORDERED THAT

(1) Defendants' Amended Motion to Dismiss [DE 41] is **DENIED**;

(2) Defendants' prior Motions to Dismiss [DE 36; DE 37] are **DENIED AS MOOT**;

(3) Defendants must file their Answer on or before **Tuesday, March 14, 2023**.

**DONE and ORDERED** at Miami, Florida, this 28th day of February, 2023.

PATRICIA A. SEITZ
UNITED STATES SENIOR DISTRICT JUDGE

Cc: Counsel of Record

---

[3] *In State Farm Fire & Cas. Co. v. All Phase Interiors & Remodeling, Inc.*, 578 So. 2d 1134. 1135 (Fla. 4th DCA 1991), the appellate court reversed a lower court's order dismissing a plaintiff's petition for declaratory relief, stating: "The fact of an employment relationship is *not* a fact which has been placed in issue in the negligence action. Yet it is a fact not only relevant but essential to appellant's duty to defend, and the ultimate issue of coverage. For this reason alone appellant was entitled to a declaration of rights."