UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-CV-23392-SEITZ

CONTINENTAL DIVIDE INSURANCE COMPANY,
        Plaintiff,
v.

RUMBA TOURS, LLC; JORGE REYES; and LUISA CAMPOS;
        Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART THE PARTIES' JOINT MOTIONS IN LIMINE

THIS MATTER is before the Court on the parties' Joint Summary of Respective Motions in Limine [DE 83], in which Plaintiff Continental Divide Insurance Co. seeks to preclude eight categories of evidence and argument, and Defendants Rumba Tours, LLC, Jorge Reyes, and Luisa Campos seek to preclude four categories of evidence and argument at trial. The Court has reviewed the motions, the party's responses, and the record. For the reasons stated below, the parties' Joint Motions *in Limine* are granted in part and denied in part.

**I.**    **Plaintiff's motions *in limine***

      a.   References to Compromise, Allegations that the Policy is Ambiguous, Allegations that Defendant was a Temporary Worker

Of Plaintiff's eight motions *in Limine*, Defendants do not oppose three. These seek to preclude (a) references to offers of compromise, (d) allegations that the policy is ambiguous, and (g) allegations that Defendant Reyes was a temporary worker. DE 83 at 4, 11, 17. Because Defendants agree offers of compromise are excluded under Fed. R. Evid. 403, and the latter two issues were decided in the Order Denying Plaintiff's Motion for Summary Judgment [DE 76], Plaintiff's motions as to (a), (d), and (g) are now moot.

      b.   Defendant Reyes' 1099 Status

Plaintiff argues that Defendant Reyes' tax status is irrelevant and will confuse the jury. District courts have routinely held an individual's tax status is a relevant consideration when determining whether

1

that individual is an employee or an independent contractor. *See Vergara v. David Bancorp, Inc.*, No. 10-21746, 2010 WL 11553424 at *1 (S.D. Fla. Nov. 19, 2010). Similarly, Defendant Reyes' tax status is relevant here and helpful to the jury when considering whether the parties intended to create an employee-employer relationship. Defendant Reyes' tax status will come in for the limited purpose of weighing the facts which determine his status in the context of the relevant factors in *Cantor* and the Florida Workers' Compensation statute. However, the jury will be instructed that his tax status is not dispositive of the issue. As such, Plaintiff's motion as to (b) is **DENIED**. The parties shall prepare a joint proposed limiting instruction.

c. Employment Status of Other Employees

Plaintiff argues that other Rumba Tours' employees' employment status is not relevant to the narrow issue of Defendant Reyes' employment status. Defendants object and cite to a Fair Labor Standards Act case which is not factually similar to this case. The employment status of any other Rumba Tours' workers is not probative of the issue here. The jury only needs to consider whether Defendant Reyes was an employee or independent contractor in light of the evidence. As such, Plaintiff's motion as to (c) is **GRANTED**.

d. Disputed Factors Already Established

This motion *in limine* will be resolved by the Court's final jury instructions. Defendants are advised that they are bound by the positions they took when opposing Plaintiff's Motion for Summary Judgment. As such, this motion *in limine* is **DENIED AS FRAMED.**

e. Excessive Details as to Defendant Reyes' Accident and Injuries

Plaintiff argues details regarding Defendant Reyes' car accident and injuries should be excluded as irrelevant. Defendants argue Defendant Reyes' mechanism of injury is relevant and necessary specifically to explain memory issues Defendant Reyes may encounter while testifying at trial. This is a coverage case; thus the details of the car accident and injuries are not relevant. Discussion of the facts relating to the underlying lawsuit are limited to the statement that "Defendant Reyes claims he suffered a head injury in the underlying accident that affected his memory." As such, Plaintiff's motion as to (f) is

**GRANTED IN PART AND DENIED IN PART.**

  f. <u>References to Rumba Tours' Lack of Workers' Compensation Insurance</u>

Plaintiff argues any reference to Rumba Tours' lack of workers' compensation insurance should be excluded because it is irrelevant and will only serve the purpose of currying sympathy with the jury. Defendants argue that Rumba Tours' lack of workers' compensation insurance is relevant to the *Cantor* factors. Availability of workers' compensation insurance is not a *Cantor* factor, and the case law is clear that lack of workers' compensation insurance does not destroy the employment relationship. *Fla. Ins. Guar. Ass'n Inc. v. Revoredo*, 698 So. 2d 890, 892 (Fla. 3d DCA 1997). As such, any references to Defendant Rumba Tours' lack of workers' compensation coverage are irrelevant, and Plaintiff's motion as to (h) is **GRANTED.**

 **II.** **<u>Defendants' motions <i>in limine</i></u>**

  a. <u>Inadmissible hearsay</u>

Defendants have included the exhibits with the statements they seek to preclude in their own Exhibit List [DE 85]. This indicates to the Court that they seek to admit the documents with the statements into evidence. Therefore, issue is now **DENIED AS MOOT.**

  b. <u>Argument related to Court's statements regarding the quality of record evidence</u>

Defendants argue Plaintiff should not reference the Court's comments made in the summary judgment, however, Defendants do not provide any specific comments or references they seek to exclude. Because this motion *in limine* is vague, it is **DENIED.**

  c. <u>Comments from counsel regarding their opinion regarding credibility of witnesses, personal knowledge of facts, or alluding to any matter not in evidence</u>

There is no dispute that counsel is prohibited from making comments as to their personal knowledge of the facts, their opinion as to witness credibility, or to matters not in evidence. As such, Defendants' motion *in limine* as to (c) is **DENIED.**

  d. <u>Uncalled witnesses</u>

Defendants seek to preclude Plaintiff from suggesting that witnesses who do not testify are under

3

the direction and control of Defendants. Plaintiff states it does not anticipate that witnesses with knowledge will fail to testify and otherwise notes the Defendants failed to identify the witnesses that raise this concern. The Court cannot rule on this motion *in limine,* as such, it is **DENIED.**

Accordingly, it is

ORDERED THAT the parties' Joint Motions *in Limine* are **GRANTED IN PART AND DENIED IN PART.**

**DONE AND ORDERED** in Miami, Florida, this 12th day of September, 2023.

PATRICIA A. SEITZ
UNITED STATES SENIOR DISTRICT JUDGE

cc:   Counsel of Record