UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-CV-23392-SEITZ

CONTINENTAL DIVIDE INSURANCE COMPANY,
    Plaintiff,
v.

RUMBA TOURS, LLC; JORGE REYES; and LUISA CAMPOS;
    Defendants.
_____/

## ORDER DENYING DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AND MOTION FOR NEW TRIAL

THIS MATTER is before the Court on Defendant Rumba Tours, LLC's Renewed Motion for Judgment as a Matter of Law under FRCP 50(b) or, in the alternative, Motion for New Trial under FRCP 59(a) [DE 121]. Plaintiff responded [DE 123], and Defendant Rumba Tours replied [DE 124].[1]

Defendants seek to set aside the jury's verdict in this insurance coverage dispute. The issue at trial was whether Defendant Jorge Reyes was an employee or independent contractor when he fell off a Rumba Tours' bus after completing a tour.[2] After three days of trial, the jury entered a verdict for Plaintiff, finding it has no duty to defend or indemnify Defendant Rumba Tours because Defendant Reyes was an employee at the time of the incident. Because there was sufficient competent evidence to support the jury's verdict, the Motion must be denied.

---

[1] Defendants Luisa Campos and Jorge Reyes adopted the Motion and the reply. DE 122; DE 125.
[2] Defendant Rumba Tours was a tourism company that provided sightseeing tours of Miami, Florida.

1

Defendants seek a judgment in their favor arguing the evidence did not support a jury verdict under Fed. R. Civ. P. 50(b), or in the alternative, a new trial under Fed. R. Civ. P. 59(a). In resolving a Rule 50(b) motion, a court should consider all the evidence in the light most favorable to the non-moving party. *Watts v. Great Atl. & Pac. Tea Co., Inc.*, 842 F.2d 307, 309–10 (11th Cir. 1988) (citation omitted). If the facts and inferences point so strongly and overwhelmingly in favor of the moving party that reasonable people could not arrive at a contrary verdict, the motion should be granted. *Id.* On the other hand, if there is substantial evidence opposed to the motion, that is, evidence of such quality and weight that reasonable and fair-minded individuals in the exercise of impartial judgment might reach the conclusion it did, the motion should be denied. *Id.* It is the role of the jury to weigh conflicting evidence, make inferences, and determine the credibility of the witnesses. *Id.* In resolving a Rule 59(a) motion for new trial, however, a court uses a less stringent standard. *Dudley v. Wal-Mart Stores, Inc.*, 166 F.3d 1317, 1320 n.3 (11th Cir. 1999). While a trial judge may weigh the evidence, a motion for new trial can only be granted if the verdict is contrary to the great weight of the evidence. *Watts*, 842 F.2d at 310.

Here, the jury found Defendant Reyes was an employee and as such excluded under the policy after considering the parties' testimony and stipulated facts, Defendant Reyes' payment-related documents, and conversations between Mr. Paublini, Defendant Reyes' stepson and CEO of the now-defunct Rumba Tours, and Defendant Reyes discussing tasks and tour schedules. The evidence showed

Defendant Reyes was paid $300 a week as a 1099 employee for two years, paid extra for hosting a tour, did not receive benefits, only cleaned busses for Rumba Tours, understood what his duties[3] were from Mr. Paublini, although Defendant Reyes decided when and how to complete them, and that both Mr. Paublini and Defendant Reyes provided some of the materials used to complete these tasks. When considering this evidence in light of the seven disputed factors under *Cantor v. Cochran*, 184 So. 2d 173 (Fla. 1966), of which the most important factor was the extent of control over Defendant Reyes, the evidence was not so overwhelming in Defendants' favor to say that reasonable, impartial jurors could have only found for them, nor is the jury's verdict contrary to the great weight of the evidence. Therefore, it is

**ORDERED THAT** Defendants' Renewed Motion for Judgment as a Matter of Law under FRCP 50(b) or, in the alternative, Motion for New Trial under FRCP 59(a) [DE 121] is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 20th day of December, 2023.

*[signature]*
PATRICIA A. SEITZ
UNITED STATES SENIOR DISTRICT JUDGE

cc: Counsel of Record
    Magistrate Judge Lisette M. Reid

---

[3] His duties included cleaning Rumba Tours' busses and taking the trash out following a tour at the Rumba Tours' lot.